State *v.* M'Duffie.

## STATE *v.* M'DUFFIE.

Dogs are the subject of property, and, when kept with collars around their necks, having their owners' names engraved thereon, as required by statute, are as fully within the purview of the statute against willful and malicious injury to personal estate, as any other species of personal property.

An indictment lies under that statute, for the willful and malicious destruction of a dog, alleged to have been worth fifty dollars, and to have had around its neck a brass collar with its owner's name engraved thereon.

INDICTMENT, alleging that the defendant, at Rochester, October 13, 1856, did unlawfully, willfully and maliciously shoot, kill and destroy a certain dark brindled dog, of the value of fifty dollars, the property, and part of the personal estate of one Daniel McDuffie, and then and there having around his neck a collar of brass, with the name of his aforesaid owner engraved thereon ; and that by the shooting, killing and destroying said dog as aforesaid, the personal estate of the said Daniel McDuffie was greatly injured, contrary, &c.

The defendant moved to quash the indictment on the ground that it did not set forth any crime known to the law.

*Wheeler*, for the respondent.

Things of base nature in contemplation of law, as dogs, &c., cannot, by the common law, be subject of larceny. This doctrine is fully recognized by all of the authorities to be found in the books. 1 Bouv. L. Dic. 442 ; 2 Blk. Com. 397 ; 4 do. 236 ; *Norton* v. *Ladd*, 5 N. H. 203.

In 3 Chitty's Cr. Pl. 934, the doctrine is thus stated: "At common law dogs were considered as animals of base nature,

and the property in them not at all protected by *any criminal* enactment."

The same authorities say, "A man may have a property in them which the law will protect by a *civil* action." And this, we believe, is the only remedy recognized by the common law, for any injury to this species of property which a man may suf-. fer. "The peace of the State" does not seem to be disturbed, or its "dignity" violated.

It can hardly be said that this is an arbitrary principle of the common law, and unsustained by reason, since it has already been recognized by our own court and applied to our statute concerning larceny, by the case already cited in 5 N. H. 203.

Again, we have a statute (Comp. Stat., 549, sec. 11,) which declares it criminal to kill, maim, wound, poison, or disfigure certain animals, but among them dogs, &c., are not named, from which we infer it was intended to leave a man to his civil action for any injury he may suffer in respect to these animals.

And this inference is sustained by another statute (Comp. Stat., 286, sec. 5,) which is as follows; "No person shall be liable by law for killing any dog which shall be found not having around his neck a collar of brass, tin, or leather, with the name of the owner, or owners, carved or engraved thereon," so that not even a civil action can be sustained for killing a dog unless he have on his neck a collar, agreeably to the provisions of this statute, and then he is clearly not liable under this statute, except in civil action.

It seems to us that this latter statute of itself, without any reference to the positive principles of the common law, recognized in the case cited, and other statutes referred to, clearly negative any liability under the statute upon which this indictment is claimed to be founded, or any liability except what is declared by itself.

HAMLIN, *Solicitor*, for the State.

At the common law, stealing dogs did not amount to felony. *Rex* v. *Searing*, R. & R. 350; 5 N. H. 204.

But various statutes have been enacted in England, making the stealing of dogs a misdemeanor, punishable by fine and imprisonment. 7 & 8 Geo. IV., chap. 29, sec. 31 ; 8 & 9 Vict., chap. 47, sec. 1 ; 10 Geo. III., ch. 18, cited 4 Blac. Com. 236.

Dogs are personal property in this State, and the right of property in them can be protected by civil action. 5 N. H. 204.

The owners of this kind of property may be required to pay a tax for it through the medium of a license law. Comp. Stat., ch. 133, sec. 6. Chap. 229, sec. 19, Comp. Stat., was designed to give a more effectual protection to real and personal estate, by rendering certain acts, which, before the enactment of the statute, were the subjects of civil actions, now punishable by indictment and fine, or imprisonment. What was before a malicious trespass is now a misdemeanor, but *not a felony.*

Is property in dogs without the protection of the statute ? It is not excepted by the language of the statute. Whatever is " personal estate" is within its language. Is there any reason why this species of property should not be protected ? Why should not a man that possesses a dog of the actual value of $50, (as in this instance) and who has complied with the provisions of the law for the protection of such property, and perhaps paid considerable sums of money as a dog tax in the shape of licenses, why should he not have the protection of this statute ? And if any person wantonly and maliciously will injure or destroy such property, why should the law be so construed as to make his pecuniary irresponsibility a shield for his malicious act ?

The construction the Statute contends for is agreeable to the principles of the English statutes before referred to.

An indictment for malicious mischief will lie for killing a dog. *State* v. *Latham,* 13 Iredell 33.

Fowler, J. The indictment in this case is founded on the eighteenth section of the 215th chapter of the Revised Statutes, which is in these words :

" If any person shall willfully and maliciously commit any act whereby any tree placed or growing for ornament or use in any

garden, yard, street, square or other place, or whereby the real or personal estate of another shall be injured, such person shall be punished by imprisonment in the common jail for a term not less than thirty days nor more than one year, or by fine not exceeding one hundred dollars, or by both of said punishments in the discretion of the court."

It alleges that the respondent, on the 13th day of October last, at Rochester, in this county, did unlawfully, willfully and maliciously shoot, kill and destroy a dark brindled dog, the property of one Daniel M'Duffie, and part of his personal estate, of the value of $50, and then and there having around his neck a brass collar, with his owner's name engraved thereon, whereby the personal estate of said Daniel M'Duffie was injured.

The only objection that has been urged to the maintenance of this indictment, rests on the assumption that dogs are not the subject of property, and therefore not personal estate capable of being willfully and maliciously injured within the meaning of the statute. We can perceive no foundation for this objection. Dogs are domesticated or tame animals, and as much the subject of property or ownership, as horses, cattle or sheep. Trespass or trover will lie for them. The delivery of a dog is a good consideration for an assumpsit. An assault may be justified in defence of one's dog. *The case of Swans*, 7 Coke 18, a; *Ireland* v. *Higgins*, Croke Eliz. 125; Comyn's Dig., Biens F.; 2 Black. Com. 391, 392 and 393, (notes to Chitty's Ed.)

A dog without a collar is the subject of property, and trover may be maintained for its conversion, even where the statute legalizes the killing of such dog. *Cummings* v. *Peckham*, 1 Met. 555.

It is not necessary for the maintenance of an action for killing a dog, that it should be shown to be of any pecuniary value. It is for the jury to judge of the value, after hearing the evidence of the peculiar qualities and properties of the animal. *Dodson* v. *Mack*, 4 Dev. & Batt. (N. C.) 146; *Dunlap* v. *Snyder*, 17 Barber (N. Y.) 561; *Leutz* v. *Strok*, 6 Serg. & R. (Pa.) 34.

By the common law, although the owner might have a lawful

property in dogs, and maintain a civil action for any injury in respect to them, larceny could not be committed of them. 1 Hale's Pleas of the Crown 512. This was said to be in respect of the baseness of their nature, because, though reclaimed and made tame, they serve not for food but pleasure, and so differ from pheasants, swans, &c., made tame, which, though wild by nature, serve for food. 1 Hale's P. C. 511, 512.

But a man may have property in some things which are of so base a nature, that no felony can be committed of them ; and no man shall lose life or member for them, as of a blood-hound or mastiff. *Case of Swans,* 7 Coke 18, a ; *Rex* v. *Scaring,* Russ. & Ry. C. C. R. 350 ; *Norton* v. *Ladd,* 5 N. H. 204.

By an act of the 10th George III., chap. 18, the stealing of dogs subjected the offender to fine, or imprisonment and whipping, upon summary proceedings. Bain's Justice, Title, Dogs ; *Rex* v. *Helps,* M. & S. 331.

In New-York, a justice of the supreme court refused to release one indicted for grand larceny in stealing a dog, valued at one hundred dollars, and committed to prison for want of bail, inclining to the opinion that dogs were the subject of larceny under the statutes of that State. *People* v. *Maloney,* 1 Parker C. R. 593.

But we do not deem it material to the decision of the question before us, whether dogs are or are not the subject of larceny. Admitting that, by our laws, they are not, it by no means follows that they may not be the subject of the willful and malicious injury punished by the act under which the present indictment was found. The evident design of that act was to afford more effectual protection against injuries to property under aggravated circumstances, by punishing, as criminal offences, acts, which before its passage had been regarded only as civil injuries. And we can see no reason why the property of its owner in a valuable dog is not quite as deserving of protection against the willful and malicious injury of the reckless and malignant, as property in fruit, shade, or ornamental trees, whether standing in the garden or yard of their owner, or in a public street or square, or any other species of personal property.

It is true, the legislature, in order to secure proper responsibility for damages sometimes committed by these animals, have deemed it advisable to enact that no person shall be liable by law for killing any dog found not having around his neck a collar of brass, tin or leather, with the name of its owner or owners carved or engraved thereon. Revised Statutes, chap. 127, sec. 5. But these very provisions pre-suppose the unlawfulness, prior to their enactment, of killing any dogs, and undertake, by a species of outlawry, to sanction the killing of such as shall be found without a particular kind of collar, marked in a particular manner with their owners' names. The adoption of such an enactment is equivalent to a legislative declaration that the killing of all dogs having the required collars is unlawful and unjustifiable.

The dog, which the respondent is charged with having maliciously killed, is alleged to have been of the value of fifty dollars, and to have worn around its neck a brass collar, with its owner's name engraved thereon, as required for its protection under the statute. As this dog was the legitimate subject of property, was specially protected by the statute, and must be taken, for the purposes of the present motion, to have been worth fifty dollars to its owner, we entertain no doubt that its willful and malicious destruction, as charged in the indictment, was an injury to the personal estate of its owner, within the meaning of the statute on which the indictment is founded.

*The motion to quash must therefore be denied.*